# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,         )
                                        )
                                        )

      Plaintiff,              )

   v.                         )

                                        )    Cr. ID. No. 0410015936

DALE J. BOWEN,          )

                                        )

      Defendant.          )

Submitted: January 8, 2018
Decided:  January 25, 2018

On Defendant's Motion for Sentence Modification
**DENIED**

## <u>ORDER</u>

JOHNSTON, J.

1. On December 2, 2005, Defendant was sentenced as an habitual offender pursuant to 11 *Del. C.* §4214(a). The sentence was corrected on October 13, 2006.

2. The predicate convictions were:

- Distribution of Cocaine (Virginia 1998)

- Attempted Obtaining Money by False Pretenses (Virginia 1999)

- Receiving Stolen Property (Delaware 2002)

- Felony Theft (Delaware 2002); and

- Robbery Second Degree (Delaware 2002).

3. Defendant argues that Section 4214 must be strictly construed. Under Section 4214(c), a predicate conviction in another state must be the same or equivalent to a Delaware felony named in the habitual offender statute. Both the foreign and Delaware statutes must contain identical elements.

4. Defendant contends that the Virginia conviction for Attempted Obtaining Money by False Pretenses is not equivalent to a qualifying Delaware criminal offense. Defendant concedes that the remaining convictions meet the statutory requirements for habitual offender designation.

5. The State responded with two arguments. First, Defendant's Virginia conviction for Attempted Obtaining Money by False Pretenses qualifies as a predicate offense. Second, Defendant is an habitual offender even absent this Virginia conviction.

5. The Court finds that the State has met the Section 4214(a) requirements for habitual offender status by proving the existence of three separate prior felony convictions, each of which arose after sentencing on the previous offense, with some chance for rehabilitation after each sentencing.[1] The inclusion by the State of a non-qualifying conviction over and above the necessary three, does not invalidate the Court's approval of the Motion to Declare Defendant an Habitual Offender.[2]

**THEREFORE,** Defendant's Motion for Sentence Modification is hereby **DENIED.**

**IT IS SO ORDERED.**

_____
Mary M. Johnston, Judge

oc: Prothonotary
cc: Dale Bowen, SBI No. 0410015936

---

[1] *See Hall v. State*, 473 A.2d 352, 356-57 (Del. 1984); *Buckingham v. State*, 482 A.2d 327, 330 (Del. 1984).

[2] *Coble v. State*, 2012 WL 1952293, at *1-2 (Del.).